Seawell, J.
delivered the opinion of the court.
A presumption in law does arise from the payment of the last instalment upon a bond, that those preceding have also been paid: but such payment must be in the manner and at the time contemplated by the parties; for whenever any course is pursued, different from the terms of the contract, it, of itself, affords a presumption that the parties are then acting under some new agreement, and not in discharge of the first contract: in such a case, therefore, the law would not presume any thing. A legal presumption only arises from the regular fulfilment of the contract, where the parties are seen acting according to the time and in the order and manner agreed upon for the performance of the last engagement, and the performance of the preceding part is implied, from the unexplained regular performance of the latter.
In this case, the last payment is endorsed on the bond, but is expressly restricted to be in part payment. The judgment was obtained in January, 1783, months before the last instalment was due; yet the last payment is there credited in the judgment—it must, therefore, have been an anticipated payment.
The plaintiff then issues execution and levies it on defendant’s lands, who never complained of any injustice, and it appears from the testimony of the witness present when the last payment was made, that it was in a horse and was agreed to be credited on the bond.
If the contract had then been fully complied with, it is difficult to account why, instead of agreeing to credit the *112 bond, the bond itself was not agreed to be cancelled or delivered up, or why a receipt in full, or why, in short, the parties did not declare the bond paid. We cannot, therefore, perceive the least ground for presuming the bond paid, but should presume, from the whole circumstances, diametrically the reverse.
Wherefore, we are all of opinion the rule for a new trial should be made absolute.